**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X  **Docket No.**
NICKEISHA HARRIS,

                     Plaintiff,

                                                                                        **COMPLAINT**

    -against-

GDC PROPERTIES, LLC, and JENNY         **PLAINTIFF DEMANDS**
JARAMILLO,                                                    **A TRIAL BY JURY**

                     Defendant.
---------------------------------------------------------------X

      PLAINTIFF NICKEISHA HARRIS ("Plaintiff"), by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants GDC PROPERTIES, LLC and JENNY JARAMILLO (collectively "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the discrimination and retaliation provisions of (i) **Title VII of the Civil Rights Act of 1964**, as amended, 42 U.S.C. § 2000e, *et. seq.* ("Title VII"); (ii) the **New York State Human Rights Law**, New York State Executive Law, § 296 *et seq.* ("NYSHRL"); and any other claim(s) that can be inferred from the facts set forth herein and seeks damages to redress the injuries Plaintiff suffered as a result of being discriminated against and retaliated against by Defendants on the **basis of Plaintiff's sex (female) by way of sexual harassment.**

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's state and county claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in this district in that the events or omissions giving rise to the claims occurred within the Southern District of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL PREREQUISITES

5.  Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6.  Plaintiff received a Notice of Right to Sue from the EEOC dated November 9, 2023, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7.  This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8.  At all times material, Plaintiff was and is a female and a resident of the State of New York.

9.  At all times material, Plaintiff was and is a "person" and an "employee" of Defendant GDC PROPERTIES, LLC ("Defendant GDC") and entitled to protection as defined by TITLE VII and the NYSHRL.

10. At all times material, Defendant GDC was and is a domestic limited liability company with headquarters located at 245 Saw Mill River Parkway, Second Floor, Hawthorne, New York 10532.

11. At all times material, Defendant JENNY JARAMILLO ("Defendant Jaramillo") was employed by Defendant GDC as a supervising Property Manager.

12. At all times material, Plaintiff was employed by Defendant GDC.

13. At all times material, Defendant GDC employed over 15 employees.

14. At all times material, Defendant GDC was an "employer" under TITLE VII and the NYSHRL.

**MATERIAL FACTS**

15. In or around April 2022, Plaintiff began working for Defendant GDI as an Assistant Property Manager earning $80,000 per year.

16. As an Assistant Property Manager, Plaintiff was responsible for assisting with the management of a portfolio of four rental buildings, including day-to-day operations, customer service operations for residents, and managing vendors and repairs.

17. At all times material, Plaintiff worked under the supervision of Defendant Jaramillo, a supervisory Property Manager at Defendant GDC.

18. At all times material, Plaintiff was qualified for her position.

19. At all times material, Plaintiff had no write-ups or disciplinary actions.

20. However, beginning in or around June 2022, Defendant Jaramillo subjected Plaintiff to an unconscionable campaign of severe *and* pervasive sexual harassment that went far beyond petty slights or trivial inconveniences.

21. Defendant Jaramillo consistently called Plaintiff "dear," "love," "honey," and "hun" which made Plaintiff extremely uncomfortable.

22. Defendant Jaramillo accompanied her verbal harassment with inappropriate physical touching, including hugging Plaintiff, putting her hands on Plaintiff's shoulders, rubbing Plaintiff's shoulders, telling Plaintiff she looked "beautiful," and asking Plaintiff when she was going to move to Florida (where Defendant Jaramillo lives). This conduct occurred once a month when Defendant Jaramillo saw Plaintiff.

23. Plaintiff rejected Defendant Jaramillo's advances, which caused Defendant Jaramillo to retaliate against Plaintiff by threatening, bullying and harassing Plaintiff on a regular basis.

24. Namely, when Defendant Jaramillo visited New York, she would not permit Plaintiff to

take lunch.  Instead, Defendant Jaramillo would claim she would be "buying lunch," which meant that Plaintiff could not leave the office.  Plaintiff became so nervous during these periods that she could not eat.

25. Defendant Jaramillo's harassing conduct, offensive physical touching, and retaliatory acts persisted into February 2023.

26. On or around February 21, 2023, Defendant Jaramillo approached Plaintiff in an aggressive manner, including walking up to Plaintiff and yelling at her, berating her, demanding answers, and telling Plaintiff that she should "leave" or "go home" and "hand over the company laptop and cell phone.

27. That same day, Plaintiff engaged in protected activity by verbally reporting Defendant Jaramillo's harassment to Ann Guglich, Human Resources Manager for Defendant GDC.

28. Specifically, Plaintiff reported to Ms. Guglich the threatening and harassing behavior described above and stated that Defendant Jaramillo cannot control her anger at work and cannot keep her hands to herself.  Plaintiff stated that Defendant Jaramillo's behavior of hugging and sexual touching of Plaintiff was unwelcomed and that Plaintiff did not want Defendant Jaramillo hugging her, touching her, or making any further physical contact with her moving forward. Additionally, Plaintiff complained that Defendant Jaramillo's actions were causing Plaintiff emotional distress and affecting her ability to perform her job functions and responsibilities.

29. In response to Plaintiff's complaints, Ms. Guglich told Plaintiff she would have a conversation with Defendant Jaramillo and get back to Plaintiff.

30. Ms. Guglich, despite her duty to do so, never investigated Plaintiff's complaint nor remedied the harassment. Upon information and belief, no conversation ever transpired

between Ms. Guglich and Defendant Jaramillo.

31. On February 27, 2023, Ms. Guglich walked into the management office of one of Defendant's properties, 220 Water Street, Brooklyn, New York 11201, and handed Plaintiff an envelope and said that "today will be your last day working with GDC Properties" without any further explanation. Defendant GDC terminated Plaintiff as soon as she returned from a three-day bereavement leave for the death of her grandmother.

32. Ms. Guglich informed Plaintiff that Defendant Jaramillo retaliated against Plaintiff by stating that Plaintiff refused to complete assigned tasks (which were not in the realm of Plaintiff's job duties) as pretext to execute a retaliatory termination.

33. Instead of properly addressing and remedying the harassing conduct of Defendant Jaramillo, Defendant GDI retaliated against Plaintiff by terminating her employment a week after Plaintiff engaged in protected activity by making a complaint. Defendant GDC terminated Plaintiff's employment on February 27, 2023 in retaliation for Plaintiff engaging in protected activity.

34. Plaintiff's termination was solely based on discriminatory and retaliatory motives. Indeed, Defendant GDC did not provide any substantive reason for Plaintiff's abrupt termination other than a thinly-veiled pretextual explanation that Plaintiff was not "growing" in her role as an Assistant Property Manager and was giving "push back." In plain English, by "push back" Defendant GDC meant it did not like that Plaintiff engaged in protected activity by complaining to human resources about the harassing conduct of Defendant Jaramillo, and terminated her because of it.

35. Defendant GDC and Defendant Jaramillo discriminated against Plaintiff based on Plaintiff's sex by way of sexual harassment as evidenced by Defendant Jaramillo's constant

sexual advances; constant inappropriate comments to Plaintiff; constant inappropriate touching of Plaintiff; by belittling Plaintiff and berating Plaintiff on a regular basis; and by discharging Plaintiff in retaliation for engaging in protected activity (*i.e.* complaining about Defendant Jaramillo's conduct to human resources).

36. Plaintiff engaged in protected activities by refusing Defendant Jaramillo's sexual advances and by complaining about said conduct to GDC's human resources department.

37. As described herein, immediately after Plaintiff engaged in protected activities, Defendants retaliated against Plaintiff by creating a hostile and adverse work environment, by screaming at Plaintiff, by treating Plaintiff with hostility and animosity, by belittling Plaintiff and criticizing Plaintiff, and ultimately by wrongfully discharging Plaintiff.

38. Solely because of Defendant Jaramillo's sexual harassment and retaliation, Plaintiff suffered extreme emotional distress. At the time Plaintiff was terminated, Plaintiff felt discarded, low, ashamed and mentally defeated. Plaintiff has not been the same since her retaliatory termination by Defendants.

39. Specifically, as a direct result of Defendants' sexual harassment and retaliation, Plaintiff has suffered from long-term depression. Plaintiff did not suffer from depression prior to becoming the victim of Defendants' sexual harassment and retaliation.

40. Plaintiff routinely experiences nightmares as a direct result of Defendants' sexual harassment and retaliation, and frequently cannot sleep.

41. Defendants' sexual harassment and retaliation has also detrimentally affected Plaintiff's view towards further employment. Specifically, Plaintiff is now very skeptical of, and afraid to interact with, potential new employers. Defendants have detrimentally impacted Plaintiff's confidence in seeking employment opportunities.

42. Defendants' sexual harassment and retaliation has destroyed Plaintiff's self esteem generally.

43. Defendants' sexual harassment and retaliation has detrimentally affected Plaintiff's eating habits. Specifically, since becoming victim to Defendants' conduct, Plaintiff hardly eats and often has no appetite. In fact, Plaintiff has to force herself to eat on a daily basis. These dietary issues are directly related to Defendants' conduct, discussed above.

44. As a result of Plaintiff's dietary issues, she has lost 10-15 pounds because of difficulties with eating.

45. Defendants' sexual harassment and retaliation has detrimentally affected Plaintiff's sleep. As a direct result of Defendants' conduct, Plaintiff has trouble sleeping due to the stress and trauma caused by Defendants, as described herein.

46. Defendants' sexual harassment and retaliation has detrimentally affected Plaintiff's pattern of and desire for socializing. Specifically, Plaintiff now has no desire to socialize with or be around other people. Plaintiff has isolated herself from others as a direct result of Defendants' conduct, as described herein. Plaintiff now finds it difficult to interact with and trust new people. Defendants' conduct has affected Plaintiff's mood generally. Plaintiff now has little to no energy and constantly feels fatigued and mentally defeated.

47. Defendants' sexual harassment and retaliation has caused Plaintiff to routinely experience bouts of anger and sadness that she did not experience prior to Defendants' conduct. Plaintiff now cries every day.

48. As a result of Defendants' actions, Plaintiff now suffers physical pain and related issues. Specifically, Plaintiff now experiences stomach distress every day. Plaintiff also now suffers from frequent acne and dry/patchy skin.

49. Defendants' sexual harassment and retaliation has detrimentally affected Plaintiff's family life. Defendants' conduct has caused Plaintiff to grow distant from her children due to her mental and emotional state. This damage is particularly acute because Plaintiff is a single parent with two minor children.

50. Defendants' sexual harassment and retaliation has detrimentally affected Plaintiff financially. Because of Defendants' retaliatory discharge of Plaintiff, she no longer has the means to pay her rent, purchase groceries, or cover other basic day-to-day living expenses.

51. As a result of Defendants' actions, Plaintiff now experiences frequent, intense headaches daily. The headaches are particularly acute when Plaintiff lies down for sleep, further exacerbating her sleep issues. Overall, Plaintiff's stress level has increased significantly because of being victimized by Defendants as set forth herein. Plaintiff experiences uncontrollable stress and anxiousness daily. Plaintiff now finds difficulty in enjoying her day-to-day life.

52. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, traumatized and emotionally distressed.

53. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

**FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER TITLE VII**

54. Plaintiff repeats and realleges each and every allegation in paragraphs one through fifty-

two.

55. 42 U.S.C. § 2000e-2(a)(1) states, in part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

56. As described herein, Defendants engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff on the basis of her sex and gender (female), by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff by way of sexual harassment.

57. Defendant GDC and Defendant Jaramillo discriminated against Plaintiff based on Plaintiff's sex by way of severe and pervasive sexual harassment as evidenced by Defendant Jaramillo's constant sexual advances; constant inappropriate comments to Plaintiff; constant inappropriate touching of Plaintiff; by belittling Plaintiff and berating Plaintiff on a regular basis; and by discharging Plaintiff in retaliation for engaging in protected activity (*i.e.* complaining about Defendant Jaramillo's conduct to human resources).

58. As a result of Defendant's unlawful discriminatory conduct in violation of the Title VII, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

59. As a result of the unlawful discriminatory conduct of Defendants in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and

9

anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

60. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

61. Plaintiff repeats and realleges each and every allegation in paragraphs one through fifty-nine.

62. 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

63. Plaintiff engaged in protected activities by refusing Defendant Jaramillo's sexual advances and by complaining about said conduct to GDC's human resources department.

64. As described herein, immediately after Plaintiff engaged in protected activities, Defendants retaliated against Plaintiff by creating a hostile and adverse work environment, by screaming at Plaintiff, by treating Plaintiff with hostility and animosity, by belittling Plaintiff and criticizing Plaintiff, and ultimately by wrongfully discharging Plaintiff.

65. Defendants would not have retaliated against Plaintiff but for Plaintiff's objections to the sexual harassment and hostile work environment.

66. Such retaliatory treatment would dissuade any reasonable employee from making or supporting a similar complaint of discrimination.

67. As a result of Defendants' unlawful conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff is entitled to an award of monetary damages and other relief.

68. As a result of the unlawful conduct of Defendants in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

69. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

### THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NYSHRL

70. Plaintiff repeats and realleges each and every allegation in paragraphs one through sixty-eight.

71. New York State Executive Law §296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, **sex**, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (Emphasis added).

72. Under New York State law, sexual harassment does not need to be "severe or pervasive" before it is unlawful. A single incident can be sufficient. Harassment is unlawful if it is anything more than what a "reasonable victim of discrimination would consider petty

slights or trivial inconveniences."

73. As described above, Defendants' actions and harassment went far beyond "petty slights or trivial inconveniences." As described herein, Defendants engaged in unlawful employment practices prohibited by the NYSHRL by discriminating against Plaintiff on the basis of her sex and gender (female) by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, discriminatory and disparate treatment of Plaintiff by way of sexual harassment.

74. Defendant GDC and Defendant Jaramillo discriminated against Plaintiff based on Plaintiff's sex by way of severe and pervasive sexual harassment as evidenced by Defendant Jaramillo's constant sexual advances; constant inappropriate comments to Plaintiff; constant inappropriate touching of Plaintiff; by belittling Plaintiff and berating Plaintiff on a regular basis; and by discharging Plaintiff in retaliation for engaging in protected activity (*i.e.* complaining about Defendant Jaramillo's conduct to human resources).

75. As a result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

76. As a result of the unlawful discriminatory conduct of Defendants in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

77. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

### FOURTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NYSHRL

78. Plaintiff repeats and realleges each and every allegation in paragraphs one through seventy-six.

79. Executive Law § 296 provides that:

    "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

80. Plaintiff engaged in protected activities by refusing Defendant Jaramillo's sexual advances and by complaining about said conduct to Defendant GDC's human resources department.

81. As described herein, immediately after Plaintiff engaged in protected activities, Defendants retaliated against Plaintiff by creating a hostile and adverse work environment, by screaming at Plaintiff, by treating Plaintiff with hostility and animosity, by belittling Plaintiff and criticizing Plaintiff, and ultimately by wrongfully discharging Plaintiff.

82. Defendants would not have retaliated against Plaintiff but for Plaintiff's objections to the sexual harassment and hostile work environment.

83. Such retaliatory treatment would dissuade any reasonable employee from making or supporting a similar complaint of discrimination.

84. As a result of Defendants' unlawful conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which Plaintiff is entitled to an award of monetary damages and other relief.

85. As a result of the unlawful conduct of Defendants in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

86. The unlawful discriminatory actions of Defendants constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to the maximum allowable damages under this statute and an award of punitive damages.

## **JURY DEMAND**

87. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII and the NYSHRL, in that Defendants discriminated against and retaliated against Plaintiff on the basis of sex by way of sexual harassment and created and maintained a hostile work environment;

B. Declaring that Defendant Jaramillo is civilly liable to PLAINTIFF for assault and battery;

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
November 21, 2023

                            **PHILLIPS & ASSOCIATES,**
                            **ATTORNEYS AT LAW, PLLC**

By:        /s/
            Jacqueline Carranza, Esq.
            45 Broadway, Suite 430
            New York, NY 10006
            T: (212) 248-7431
            F: (212) 901-2107
            jcarranza@tpglaws.com